IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN  DIVISION

| | |
|---|---|
| EUGENE SMITH | * |
| Plaintiff | * |
| VS. | * |
| | *   NO: 4:06CV01631   SWW |
| UNITED STATES POSTAL SERVICE INSPECTOR GENERAL, ET AL. | * |
| Defendants | * |

**ORDER**

Plaintiff Eugene Smith ("Smith") brings this action against the Inspector General of the United States Postal Service ("USPS") and Norman Gilcrest, the local postmaster for Forrest City, Arkansas. Before the Court is Defendants' motion to dismiss (docket entry #11). The time for responding has passed, and Smith has not filed a response. After careful consideration, and for the reasons that follow, Defendants' motion will be granted and this case will be dismissed with prejudice.

I.

Plaintiff alleges that the United States Post Office in Forrest City has hampered the delivery of his mail. He claims that Defendants have opened, diverted, and failed to deliver his mail, causing him to pay unspecified penalties. *See* docket entry #1, ¶¶ 8-11. Plaintiff also claims that Defendants have violated "U.S.C. 42" and the "Disability Act of 1990." Docket entry #1, ¶¶ 12-13. By way of relief, Plaintiff seeks $13,500,000 in restitution.

1

II.

Defendants move for dismissal based on lack of subject matter jurisdiction, asserting that (1) Plaintiff's allegations are barred because the USPS retains sovereign immunity for claims involving the mishandling of mail, and (2) Plaintiff has failed to exhaust his administrative remedies.  The Court will address each argument separately.

<u>Sovereign Immunity</u>

As a threshold issue, the Court finds that Plaintiff brings his claims against the Inspector General and Gilcrest in their official capacities only. *See Johnson v. Outboard Marine Corp.* 172 F.3d 531, 535 (8th Cir. 1999)("[I]n order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity."). Accordingly, Plaintiff brings suit against the USPS. *See Buford v. Runyon*, 160 F.3d 1199, 1203 (8th Cir. 1998).

Although the Postal Reorganization Act transformed the USPS into an independent establishment of the executive branch, *see* 39 U.S.C. § 201, empowered to sue and be sued in its official name, *see* 39 U.S.C. § 401(1), the Act also provides that the Federal Tort Claims Act ("FTCA") "shall apply to tort claims arising out the activities of the Postal Service." 39 U.S.C. § 409(c).[1]  Important here, the FTCA contains a provision commonly called the "postal matter

---

[1]The FTCA confers jurisdiction on the district courts to hear claims "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under

exception" that retains sovereign immunity for "any claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b).

The postal matter exception bars claims seeking redress for injuries "arising directly or consequentially, because mail either fails to arrive at all or arrives late, in damaged condition, or at the wrong address." *Dolan v. U.S. Postal Service*, 126 S.Ct. 1252, 1258 (2006). "Illustrative instances of the exception's operation, then would be personal or financial harms arising from nondelivery or late delivery of sensitive materials or information ( *e.g.,* medicines or a mortgage foreclosure notice) or from negligent handling of a mailed parcel ( *e.g.,* shattering of shipped china). *Id*.

The Court finds that Plaintiff's claims that he has suffered financial injury from the late delivery, diversion, and mishandling of his mail are barred under the postal matter exception, and the Court lacks subject matter jurisdiction to entertain his claims. Furthermore, although Plaintiff makes reference to "U.S.C. § 42" and "the Disability Act of 1990," he alleges no facts to support claims beyond the reach of the FTCA's postal matter exception. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985)("Although it is to be liberally construed, a *pro se* complaint must contain specific facts supporting its conclusions.").

Exhaustion of Administrative Remedies

Defendants assert that, even assuming that Plaintiff's claim does not fall within the postal matter exception, Plaintiff has failed to exhaust his administrative remedies, and his claim must

---

circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission took place." 28 U.S.C. § 1346(b).

be dismissed for lack of subject matter jurisdiction. The Court agrees.

Before a party may bring suit under the FTCA, he must have "presented the claim to the appropriate Federal agency and [his] claim shall have been finally decided by the agency in writing." 28 U.S.C. § 2675(a). A claim is deemed denied by the agency if no response is received within six months. *Id.* "Because presentment is a jurisdictional requisite to suit under the FTCA, and jurisdiction is a threshold issue for the [Court] to decide, the [Court] may appropriately resolve legal and factual questions determinative of jurisdiction and may dismiss the case under Federal Rule of Civil Procedure 12(b)(1) if the FTCA requirements are not met." *Daniels v. U.S.,* 2005 WL 1404770, *1 (June 16, 2005 8th Cir.)(citing *Osborn v. United States,* 918 F.2d 724, 728-29 (8th Cir.1990)).

Defendants have submitted a declaration by Kathleen M. Arndt, an attorney for the USPS, stating that the Service does not have an administrative claim on file from Plaintiff. *See* docket entry #12, Attachment. Although Plaintiff generally alleges in his complaint that Defendant Gillcrest refused to send his "complaint through the proper channels," he presents no evidence showing that he complied with the filing requirements of § 2675(a).[2] Absent such evidence, the Court finds that Plaintiff has failed to carry his burden to show that he exhausted his administrative remedies.[3]

---

[2] Under 28 C.F.R. § 14.2, a claim is presented if the agency receives either "an executed Standard Form 95 or other written notification of an incident accompanied by a claim for money damages in a sum certain."

[3] Where a defendant makes a "factual attack" to jurisdiction, the Court may consider matters outside the pleadings without converting the motion to dismiss into one for summary judgment. *Osborn v. United States*, 918 F.2d 724, 729 (8th Cir. 1990); Fed. R. Civ. P. 56. In such cases, the Court "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. . . . [N]o presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude a trial court from evaluating for itself the merits of jurisdictional claims." *Osborn*, 918 F.2d at 730 (quoting *Mortensen v. First*

III.

For the reasons stated, Defendants' motion to dismiss for lack of subject matter jurisdiction (docket entry #11) is GRANTED. Pursuant to the judgment entered together with this order, this case is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED THIS 16TH DAY OF FEBRUARY, 2007.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE

---

*Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)).